UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

BERNICE SMITH,

Plaintiff,

v.                  608CV092

MICHAEL J. ASTRUE, *Commissioner, Social Security Administration,*

Defendant.

## ORDER

Before the Court is Plaintiff Bernice Smith's motion for attorney's fees under the Equal Access to Justice Act, 28 U.S.C. § 2412 ("EAJA"). Doc. # 27. The EAJA directs a court to award attorney's fees to any party prevailing in litigation against the United States, unless the Court finds that the position of the United States was "substantially justified" or that "special circumstances" make such an award unjust. 28 U.S.C. § 2412(d)(1)(A). Whether the position of the United States -- here, the Commissioner of the Social Security Administration -- was substantially justified is "determined on the basis of the record (including the record with respect to the action or failure to act by the agency upon which the civil action is based) which is made in the civil action for which fees and other expenses are sought." 28 U.S.C. § 2412(d)(1)(B); *see Myers v. Sullivan*, 916 F.2d 659, 666 n.5 (11th Cir. 1990) ("[I]t is not sufficient for the government to show that some of its earlier positions or arguments were valid. Unless the government can establish that *all* of its positions were substantially justified, the claimant is entitled to receive attorney's fees.").

"A party seeking an award of fees and other expenses shall, within thirty days of final judgment in the action, submit to the court an application for fees and other expenses which shows that the party is a prevailing party and is eligible to receive an award ..., and the amount sought.... The party shall also allege that the position of the United States was not substantially justified." 28 U.S.C. § 2412(d)(1)(B).

The Court has reviewed Smith's timely motion for attorney's fees and finds that all requirements for an award of such fees have been fulfilled. Smith is a prevailing party in this case by virtue of the 8/24/09 Order reversing and remanding to the Commissioner for further consideration. Doc. # 25; *see Shalala v. Schaefer*, 509 U.S. 292, 300-301 (1993) (holding that claimant who obtains judgment in his favor under "sentence four" of the Social Security Act, involving district court's reversal of Secretary of Health and Human Service's decision as to availability of benefits, becomes a "prevailing party" at the time of entry of judgment). Moreover, in light of the Commissioner's motion to remand, doc. # 24, and the fact that Smith's motion for EAJA fees is unopposed, the Commissioner has not established that its position in this case was substantially justified.

Smith requests $2,345.62 in fees based on 13.9 hours of work in 2008 and 2009. Doc. # 27 at 5. The EAJA provides that the hourly rate for attorney's fees shall not exceed $125 per hour adjusted for inflation. 28 U.S.C. § 2412(d)(2)(A). Here, the requested rate of $168.75 per hour, doc. # 27 at 5, does not exceed the inflation-adjusted rate limit.

Smith's motion for attorney's fees is thus **GRANTED**. Doc. # 27. The United States is **ORDERED** to remit **$2,345.62** to Smith's counsel, Mr. Jeffrey Flynn. *See* 28 U.S.C. § 2414 ("[P]ayment of final judgments rendered by a district court ... against the United States shall be made on settlements by the Secretary of the Treasury."); doc. # 27 at 12 (assigning EAJA fees to Flynn).

This day of 7 April 2010

*B. Avant Edenfield*
B. AVANT EDENFIELD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA